# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

In re:

Electronic Plus Outlet, Inc.,

Debtor.

Case No. 10-11991-SSM
Chapter 11

## Motion to Examine Debtor's Transaction with Debtor's Attorney

Comes Now, W. Clarkson McDow, Jr., United States Trustee, and moves the court pursuant to Section 329 of the Bankruptcy Code and Rule 2017 of the Federal Rules of Bankruptcy Procedure to determine if the compensation paid or agreed to be paid by the debtor exceeds the reasonable value of the services rendered, and, if appropriate, order the return of any payment found to be excessive. In support of this motion the following representations are made:

1. This court has authority to hear and decide this matter. 28 U.S.C. § 1334.

2. This is a core proceeding. 28 U.S.C. § 157.

### Statement of Facts

3. On February 15, 2010, Johnny Arnez filed a petition for relief under chapter 7 of the Bankruptcy Code, case number 10-11076-SSM.

4. The attorney for Johnny Arnez is Thomas Sehler of The Thomas Law Firm P.L.L.C.

5. The petition was signed by both Johnny Arnez and Thomas Sehler. *Voluntary*

Office of United States Trustee
Jack Frankel, Attorney
115 South Union Street
Alexandria, VA 22314
(703) 557-7229                    Page 1 of  6

*Petition* [Doc # 1, page 3].

    6. Johnny Arnez stated that he was the President of Electronic Plus Outlet, Inc., and that he was employed by Electronic Plus Outlet, Inc., and that his gross monthly income was $3,900. *Schedule I-Current Income of Individual Debtor(s)* [Doc # 1, page 23].

    7. Johnny Arnez signed the Schedules declaring that he had read them and that the information in them was true and correct to the best of his knowledge, information and belief. *Declaration Concerning Debtor's Schedules* [Doc # 1, page 26].

    8. Johny Arnez stated that: He received in 2010 year to date $6,600 from Electronic Plus Outlet, Inc., and Electronic Plus Customs, Inc.; that he received in 2009 $80,000 from Electronic Plus Outlet, Inc., and Electronic Plus Customs, Inc.; that he received in 2008 $120,000 from Electronic Plus Outlet, Inc., and Electronic Plus Customs, Inc. *Statement of Financial Affairs* [Doc # 1, page 27].

    9. Johnny Arnez checked none when asked to list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity full or part-time within six years immediately preceding the commencement of this case. *Statement of Financial Affairs* [Doc # 1, page 32].

    10. Johnny Arnez signed the Statement of Financial Affairs declaring that he had read the answers and that they were true and correct. *Declaration Under Penalty of Perjury by Individual Debtor* [Doc # 1, page 34].

    11. On March 17, 2010, Electronic Plus Outlet, Inc., the debtor, filed a petition for relief

under chapter 11 of the Bankruptcy Code.

12. The petition was signed by Johnny Arnez as president and Thomas J. Sehler as attorney for the debtor. *Voluntary Petition* [Doc # 1, page 3].

13. It was represented that there were no pending bankruptcy cases filed by any spouse, partner, or affiliate of this debtor. *Voluntary Petition* [Doc # 1, page 27].

14. The word "affiliate" is a defined term. The definition of an affiliate includes an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor other than an entity that holds such securities to in a fiduciary or agency capacity or solely to secure a debt. 11 U.S.C. § 101(2)(A).

15. The debtor listed five secured claims as being contingent, unliquidated or disputed. *Schedule D-Creditors Holding Secured Claims* [Doc # 1, page 14].

16. The debtor listed the IRS as having a contingent, unliquidated and disputed $11,000 unsecured priority claim. *Schedule E-Creditors Holding Unsecured Priority Claims* [Doc # 1, page 17].

17. The debtor listed all ten unsecured nonpriority claims as both contingent and unliquidated. *Schedule F-Creditors Holding Unsecured Nonpriority Claims* [Doc # 1, page 18].

18. A certification that creditors with contingent, unliquidated or disputed claims were served with notice of this fact has not been filed with the court.

19. Local Bankruptcy Rule 3003-1 states: "The debtor in a chapter 11 case shall serve creditors whose claims are listed on the schedules as disputed, contingent or unliquidated with notice of the fact within fifteen days after the later of: (1) the conversion of the case to chapter chapter 11; (2) the filing of the schedules of liabilities; or (3) the filing of an amendment to the

schedules of liabilities adding such creditors. The debtor shall file with the Court a certification that service of the notice was made on the affected creditors within five days after the notice is served."

20. An application to approve the employment of Thomas Sehler has not been filed.

21. The debtor has agreed to pay Thomas Sehler $9,000 for his legal services.

*Disclosure of Compensation of Attorney for Debtor(s)* [Doc # 1, page 32].

22. The United States Trustee has filed a motion to dismiss or convert this case on the grounds that the debtor has failed to satisfy a reporting required of all small business debtors and that there is no reasonable likelihood of the debtor reorganizing.

## Memorandum

23. Section 329 of the Bankruptcy Code gives the court the power to review the compensation paid if such payment was paid or agreement to be paid, was made after one year before the date of the filing of the petition, and to determine if the fee paid or agreement was (is) reasonable or excessive. Section 329 states:.

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered, or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to -
>
>   (1) the estate if the property transferred-
>        (A) would have been property of the estate; or
>        (B) was to paid by or on behalf of the debtor under a plan

under chapter 11, 12, or 13 of this title; or
(2) the entity that made such payment.

24. In determining a reasonable fee, the quality of the services rendered, as well as the time spent, should be taken into account. *In re Soulisak,* 227 B.R. 77, (Bankr. E.D. VA) (1998) (Bostetter, C.J.) (The conduct of the attorney is a factor in determining a reasonable fee.).

25. A lawyer shall not knowingly make a false statement of law or fact to this court. Rule 3.3 of the Rules of Professional Conduct of the Virginia State Bar 2008-2009, made applicable by Local Bankruptcy Rule 2090-1(I). ("The ethical standards relating to the practice of law before this Court shall be the Virginia Rules of Professional Conduct now in force and hereafter modified or supplemented.").

26. The schedules and statement of financial affairs do not meet the mandates of the Bankruptcy Code and the rules of the court. As the court itself stated "The schedules and statement of financial affairs filed in the case are grossly deficient." *Order Setting Chapter 11 Status Conference* [Doc # 15]. The failure to disclose a pending bankruptcy case by an affiliate of the debtor, that the attorney himself had recently filed, is of great concern. This omission prevents an informed review of the debtor's financial affairs. The failure to file a certification that creditors with disputed, contingent or unliquidated claims were given notice of that fact is also most troubling. Unless these creditors file proofs of claim, they will not participate in voting or any distribution under a plan. The filing of this chapter 11 case when it appears that there is little or no likelihood of a rehabilitation evidences bad faith and an abuse of the bankruptcy process.

27. Under the circumstances of this case, the United States Trustee believes that there is no reasonable compensation for the services rendered in this case, and that all compensation

received should be disgorged and all agreements for promised compensation should be cancelled.

      Wherefore, the United States Trustee moves the court to determine the reasonableness of the compensation paid or agreed to be paid to the debtor's attorney, and if the compensation paid or promised to be paid exceeds the reasonable value of the services rendered, order the return of any payment found to be excessive or cancellation of any promise or agreement for payment of the unreasonable compensation or both, and grant such further relief as the court deems fair and appropriate.

April 8, 2010:                        W. Clarkson McDow, Jr.
                                           United States Trustee

                                           /s/ Jack Frankel
                                           Jack Frankel, Attorney
                                           Office of United States Trustee
                                           115 South Union Street
                                           Alexandria, VA 22314

                                           Certificate of Service


      I hereby certify that on the 8th day of April, 2010, I mailed, United States mail, first class, postage prepaid, a copy of the motion to examine the debtor's transactions with the debtor's attorney and notice of motion and hearing to:

| Electronic Plus Outlet, Inc.<br>4334 Duncan Drive<br>Annandale, VA 22003 | Thomas Sehler, Esq.<br>The Thomas Law Firm, PLLC<br>The Mark Building, Suite 204<br>6231 Leesburg Pike<br>Falls Church, VA 22044 |
|---|---|

                                                        /s/ Jack Frankel
                                                        Jack Frankel