## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

—————————————————— :
:
IN RE:                                    :
:
ELECTRONIC PLUS OUTLET, INC.              :        Case No. 10-11991-SSM
:        Chapter 11
          Debtor                          :
:
—————————————————— :

## BRANCH BANKING AND TRUST COMPANY'S
## RESPONSE IN SUPPORT OF THE UNITED STATES
## TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE TO CHAPTER 7

Branch Banking and Trust Company ("BB&T"), by and through its undersigned counsel,

Shulman, Rogers, Gandal, Pordy & Ecker, P.A., hereby files this Response in Support of the

United States Trustee's ("Trustee") Motion to Dismiss or Convert Case to Chapter 7 ("Motion")

and in support thereof states:

1.       On April 4, 2008, BB&T and Electronic Plus Outlet, Inc. ("EPO") entered into a

commercial promissory note ("Note"), as modified and amended, whereby EPO promised to

repay BB&T the sum of Three Hundred Thousand and No/100 Dollars ($300,000.00).  A true

and accurate copy of the Note is attached hereto as **Exhibit 1** and is incorporated by reference

herein.

2.       The Note is secured by a Security Agreement ("Agreement") between EPO and

BB&T, wherein BB&T was granted a properly perfected first priority lien against EPO's

equipment, inventory and accounts ("Collateral").  A true and accurate copy of the Agreement is

attached hereto as **Exhibit 2** and is incorporated by references herein.

3.       EPO defaulted under the terms of the Note.

4.      On December 10, 2009, BB&T contacted EPO through its President, Mr. Johnny Arnez, and requested that it be allowed to inspect and appraise the Collateral.

5.      Mr. Arnez refused to grant BB&T access to the collateral from December 10, 2009 until March 11, 2010.

6.      On March 11, 2010, BB&T was finally granted access to inspect the Collateral. BB&T hired a licensed appraiser to conduct the inspection.  The value of the Collateral is approximately Sixty-Four Thousand Nine Hundred Seventy-Five and No/100 Dollars ($64,975.00).

7.      EPO's Schedules identify BB&T as a secured creditor possessing a claim in the amount of Two Hundred Sixty-Six Thousand and No/100 Dollars ($266,000.00).

8.      BB&T supports the Trustee's request that the Court convert the above-captioned case to a proceeding under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code").  BB&T is the secured creditor with a first priority interest in what appears to be EPO's only asset, the Collateral.  BB&T believes that Mr. Arnez and EPO will not cooperate with an orderly UCC foreclosure sale of the Collateral.  Not only have EPO and Mr. Arnez failed to cooperate with BB&T regarding the liquidation of its Collateral, but EPO and Mr. Arnez do not appear to be fulfilling the requirements placed on a debtor-in-possession under Chapter 11 of the Bankruptcy Code.  For example, EPO's Statement of Financial Affairs does not contain any information.  Moreover, BB&T notified EPO's counsel, Thomas Sehler, Esq., that EPO was not authorized to use BB&T's cash collateral.  EPO continues to operate a retail business.  However, to date, BB&T has not received a response to its notification.  Consequently, BB&T believes that its interests, and the interests of the other secured and unsecured creditors, will be best served by an orderly liquidation of EPO's assets under Chapter 7 of the Bankruptcy Code.  Conversion of

2

the above-captioned matter to Chapter 7 of the Bankruptcy Code will provide EPO's creditors

with the benefit of the Bankruptcy Court's administration of EPO's liquidation.

Respectfully submitted,

**SHULMAN ROGERS GANDAL
PORDY & ECKER, P.A.**

By:    /s/ Matthew M. Moore
        Matthew M. Moore (VSB No. 44953)
        12505 Park Potomac Avenue
        Potomac, Maryland  20854
        TEL:   (301) 230-6560
        mmoore@shulmanrogers.com

*Counsel for Branch Banking and Trust Company*

Dated:  April 15, 2010

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 15th day of April, 2010, I mailed, first class, postage prepaid,

a copy of the Response to:

> Thomas Sehler, Esq.
> The Thomas Law Firm, PLLC
> The Mark Building, Suite 204
> 6231 Leesburg Pike
> Falls Church, Virginia 22044
>
> Jack Frankel, Esq.
> Office of the United States Trustee
> 115 South Union Street, Suite 208
> Alexandria, Virginia 22314

/s/ Matthew M. Moore       

G:\16\BB&T-111059\ELECTRONIC PLUS OUTLET 12-7-09\Response.doc